## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| JAYNEE ALEXIS DAVIS, ) | CASE NO. 20-10767-AMC |
| f/k/a JAYNEE A. REEVES ) | |
| f/k/a JAYNEE REEVES BAPTISTE, ) | |
| Debtor ) | |
| ) | |
| PHILADELPHIA FEDERAL CREDIT UNION ) | **HEARING DATE:** |
| Movant ) | Tuesday, January 26, 2021 |
| ) | 11:00 a.m. |
| vs. ) | |
| ) | **LOCATION:** |
| JAYNEE ALEXIS DAVIS f/k/a JAYNEE ) | U.S. Bankruptcy Court |
| A. REEVES f/k/a JAYNEE REEVES BAPTISTE, ) | Eastern District of Pennsylvania |
| Respondent ) | Courtroom # 4 |
| and ) | 900 Market Street |
| WILLIAM C. MILLER, ) | Philadelphia, PA 19107 |
| Trustee ) | |

### STIPULATION

COME NOW, this ___ day of _____, 2021, debtor *Jaynee Alexis Davis*, through Debtor's attorney, *Michele Perez Capilato, Esquire*, and Philadelphia Federal Credit Union ("PFCU") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay:

WHEREAS the Debtor owns a 2015 Lexus NX, V.I.N. JTJBARBZ6F2011407 ("vehicle"); and

WHEREAS PFCU filed a Motion for Relief from the Automatic Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Response to the Motion; and

WHEREAS the Debtor and PFCU seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The post-petition delinquency is $1,913.70, plus $688.00 in attorney's fees and costs as of January 8, 2021.

2. The Debtor shall file an amended Chapter 13 plan providing payment of the post-petition arrears of $2,601.70 within 10 days of the entry of this Stipulation.

3. Thereafter, the Debtor shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $638.95, due on February 1, 2021, and all such future payments due on the 1st of each month thereafter.

4. If Debtor shall fail to have a plan conforming to this Stipulation or the Debtor fails make to ongoing regular monthly payments and Debtor fails to cure said default within fifteen (15) days after notice by PFCU (or its counsel) of said default served upon Debtor and Debtor's Counsel, counsel for PFCU may file a Certification of Default with the Court setting forth Debtor's default and PFCU shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. §§ 362), and PFCU is then also free to proceed with exercising it's rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation two (2) times. Should the Debtor default a third (3rd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and PFCU may file a Certification of Default.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-

petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then PFCU, through counsel, may file a Certification of Default setting forth said failure and PFCU shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and PFCU is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by PFCU, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of PFCU's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

**Date: January 20, 2021**

BY THE COURT:

_____
Ashely M. Chan
U.S. BANKRUPTCY JUDGE

Philadelphia Federal Credit Union
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 1/14/21

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Jaynee Alexis Davis**
By Counsel for Debtor: Michele Perez Capilato, Esquire

By: _____
Michele Perez Capilato, Esq.
Law Office of Michele Perez Capilato
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
(267) 513-1777

DATED: 1/15/2021

**Chapter 13 Trustee**

By: /s/ Jack Miller
William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377

DATED: 01/18/2021

**The Standing Trustee has indicated that he has no objection to its terms without prejudice to any of his rights and remedies, and has authorized us to affix his electronic signature.